## CITY OF SHREVEPORT v. RICHARDS et al.

### No. 4154.

Court of Appeal of Louisiana, Second Circuit, Second Division.

June 11, 1932.

J. Fair Hardin, of Shreveport, for appellants.

Wallace & Hardeman, of Benton, for appellees.

STEPHENS, J.

The city of Shreveport in the course of its proceedings to acquire title to the Barksdale Field for an airport, expropriated the E. ½ of E. ½ of section 24, township 18 north, range 12 west, in Bossier parish, La. The expropriation proceeding was directed against Robert Richards and twenty-one other heirs of Martha Richards, and the property was duly condemned for the sum of $1400, which amount the city of Shreveport deposited in the registry of the trial court, subject to such claims as might be made against it.

The following claims appeared of record against the property or the proceeds resulting from its condemnation:

A judgment against Robert Richards in favor of G. W. Smith in the sum of $365.46, recorded December 2, 1929.

A mortgage in the sum of $600 held by E. A. Connell and executed by Robert Richards, recorded January 9, 1926.

A mortgage in the sum of $225.35 held by the American Securities Company, executed by Robert Richards and recorded September 27, 1929.

The purpose of the suit now before us for review, which was instituted by the defendants in the expropriation proceeding, and against the mortgage claimants, was to obtain a judgment decreeing that the mortgage claims, all of which were created by Robert Richards, be restricted in their effect to one-eighth of the proceeds on deposit, for the reason, as alleged, that Robert Richards owned only an undivided one-eighth interest in the property taken, which he had inherited from Martha Richards, his mother.

The mortgage claimants answered, alleging that Robert Richards was the owner of the whole of the property at the time their mortgages attached, and that the other plaintiffs were without interest in the land expropriated or the proceeds deposited in court, and that they (the mortgage claimants) should be paid the amounts of their respective claims out of said deposited funds, by preference and priority over all other persons whomsoever.

A trial resulted in a judgment rejecting the demands of plaintiffs and ordering the funds on deposit to be distributed among the defendants. The plaintiffs perfected a devolutive appeal from the judgment.

In 1887 Martha Richards acquired by patent from the United States government 160 acres of land. In 1896 she deeded the land to S. S. Hunter, who continued to own it until the time of his death, which occurred on October 16, 1923. The widow and heirs of S. S. Hunter, on November 3, 1923, conveyed 80 acres of the land by deed, duly recorded, to Robert Richards, one of the plaintiffs in this proceeding.

The deed to Robert Richards conveying the 80 acres, which is the land that was expropriated, contained the following qualifying stipulation: "This sale is made without warranty or recourse for the reason that said property was placed in the name of S. S. Hunter, deceased, who agreed to reconvey the same to this vendee, and in pursuance of that promise so made by S. S. Hunter, deceased, this reconveyance is made to said Robert Richards, vendee herein."

The consideration in the deed was stated to be "$1.00 cash in hand paid, and other good and valuable considerations, the receipt of which is hereby acknowledged."

During the time the title to the property was in S. S. Hunter, he exercised all of the prerogatives of full ownership in its administration. He mortgaged it in 1914, and again in 1917, and leased it for oil and gas purposes in 1920.

After Robert Richards acquired the deed from the heirs of S. S. Hunter, he likewise exercised the rights of full ownership; and held himself out to the world as sole owner of the property, until conditions, which he was instrumental in developing, made it no longer to his interest to do so. He mortgaged the land to E. A. Connell for $660 on January 9, 1926; on September 26, 1929, he executed a mortgage in favor of the American Securities Company for the sum of $225.35; on May 31, 1929, he sold the timber on the land to the T. O. Clanton Lumber Company; and, finally, maintaining to the last that he was the sole owner of the property, on August 23, 1929, he granted the city of Shreveport an option to purchase the whole of the property for the sum of $1,400, for which amount it was later expropriated.

It is the contention of the plaintiffs, Robert Richards et al., that the deed from Martha Richards (through whom they claim title by inheritance) to S. S. Hunter was a simulation, and was in fact a mortgage to secure an indebtedness due said Hunter, that the quoted recital in the deed from the heirs of S. S. Hunter to Robert Richards discloses that fact, and that Robert Richards received and held the title to the property in trust for the heirs of Martha Richards.

There is no proof in the record to sustain the contention that the deed to S. S. Hunter was a simulation. Martha Richards, the vendor, surrendered possession of the property at about the time the deed was executed, and S. S. Hunter, the vendee, exercised the rights of ownership and possession until his death. It is true that the quoted recital in the deed from the heirs of S. S. Hunter to Robert Richards suggests a foundation for the charges of simulation, but certainly it does not disclose its existence. It suggests much more persuasively that the widow and heirs of S. S. Hunter had heard that; for some consideration which passed between Martha Richards and S. S. Hunter at the time of the transaction between them, the latter promised to transfer the property in question, which was only one-half of that sold to him, to Robert Richards. The qualifying stipulation is definite and specific that the reconveyance was to be made, not to Martha Richards, from whom the title had emanated, nor to her numerous heirs in the event of her death, but to Robert Richards.

The position of plaintiffs that Robert Richards acquired and held title to the land in trust for the heirs of Martha Richards is untenable, in view of the conduct of the plaintiffs, and particularly that of Robert Richards, as shown above. There was no intimation from Robert Richards, that he was not the sole owner of the property until the indebtedness created by him against it had eliminated the possibility of his recovering any of the deposited price for which it had been condemned. The facts and circumstances considered, we are left in doubt as to the sincerity of plaintiffs' claim; but we are convinced that it is not well founded in law or in fact.

The mortgage claimants against the fund on deposit, we think, were justified in concluding from an examination of the public records as those records related to the history and derivation of Robert Richards' title, that there was no outstanding interest in the property in the heirs of Martha Richards.

The judgment of the district court appears to us in all particulars to be correct, and it is affirmed.